UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:12-CR-220 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION & ORDER |
| | : | [Resolving Doc. 33] |
| DANTE D. HARRISON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Dante D. Harrison has filed a motion to reduce or modify his terms of supervised release and sentence under 18 U.S.C. §§ 3582(c)(1)(A)(i), 3582(c)(2), 3553(a), 3583(b); Federal Rule of Criminal Procedure 45(b)(1)(B); *Setser v. United States*, __ U.S. __, 132 S. Ct. 1463 (2012); *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015); *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016); 28 U.S.C. § 2072(b); and 42 U.S.C. § 1988.[1]

For the following reasons, the Court **DENIES** Defendant Harrison's motion without prejudice. Defendant Harrison may file a 28 U.S.C. § 2255 motion for his *Johnson* and *Welch* arguments.

**I. Background**

Defendant Harrison pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(1)(A)(i); and possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c).[2]

---

[1] Doc. 33. The Government opposes. Doc. 34.
[2] Doc. 24.

Case No. 5:12-CR-220
Gwin, J.

This Court sentenced Harrison to 24 months each for Counts 1 and 3, to be served concurrently, followed by a mandatory 60-month term for Count 2 and three years of supervised release.[3]

## II. Legal Standard

Pursuant to 18 U.S.C. § 3582(c), the "court may not modify a term of imprisonment once it has been imposed" except in the following relevant circumstances:

(1) in any case-

> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, . . . after considering the factors set forth in Section 3553(a) to the extent that they are applicable, if it finds that-
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age . . . ; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure . . . .

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[4]

## III. Discussion

**a. 18 U.S.C. § 3582(c)(1)(a)(i)**

Title 18 United States Code, Section 3582(c)(1)(A)(i) provides relief from judgment for "extraordinary and compelling reasons" based "upon motion of the Director of the Bureau of Prisons."[5] Here, the Bureau of Prisons has not filed a motion on behalf of Defendant Harrison. Accordingly, this Court **DENIES** Harrison's motion under 18 U.S.C. § 3582(c)(1)(A)(i).

---

[3] Doc. 29.
[4] 18 U.S.C. § 3582(c)(2).
[5] 18 U.S.C. §§ 3582(c)(1)(A)(i).

Case No. 5:12-CR-220
Gwin, J.

### b. 18 U.S.C. § 3582(c)(2)

Under § 3582(c)(2), the Court may reduce Harrison's sentence only if (1) that sentence is "based on a sentencing range that has subsequently been lowered" and (2) "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[6]

Harrison is incorrect that Amendments 782, 787, and 789 render him eligible for a reduced sentence or a reduced period of supervised release.[7] First, Amendment 782 is already reflected in Defendant Harrison's sentence. At sentencing, this Court gave Defendant a two-level reduction in his offense level pursuant to Amendment 782.[8]

Second, neither Amendment 787 nor Amendment 789 apply to Harrison. Amendment 787 addresses certain cases where a defendant is subject to another term of imprisonment, such as an undischarged term of imprisonment or an anticipated term of imprisonment. Harrison was not subject to another term of imprisonment.[9] Amendment 789 makes technical and clerical changes to the Introduction and Commentary of the *Guidelines Manual* that have no effect on Harrison's sentence.

Harrison is not eligible for a sentence reduction because this Court already took into account the Guideline Amendment affecting his sentence. Accordingly, this Court **DENIES** Harrison's motion under 18 U.S.C. § 3582(c).

### c. 18 U.S.C. § 3553(a)

Harrison is not entitled to relief under 18 U.S.C. § 3553(a) because it offers no means to seek relief from a sentence. Accordingly, Harrison's motion under 18 U.S.C. § 3553(a) is **DENIED**.

---

[6] *Id.*
[7] Doc. 33 at 2.
[8] Doc. 32 at 2.
[9] *See* Presentence Investigation Report.

-3-

Case No. 5:12-CR-220
Gwin, J.

### d. 18 U.S.C. § 3585(b)

Under 18 U.S.C. § 3583(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." Harrison argues that this Court should reduce his sentence or supervised release to reflect credit for his time served.[10]

Harrison's argument loses. Harrison does not specify a time period for which he should be credited. Furthermore, although this Court ordered that Defendant Harrison be given credit for time served,[11] calculating credit for time served is the responsibility of the Attorney General, through the Bureau of Prisons.[12] Therefore, this Court is not authorized to compute the credit.[13]

### e. Federal Rule of Criminal Procedure 45(b)(1)(B)

Federal Rule of Criminal Procedure 45(b)(1)(B) allows courts to permit delayed filing of a motion based upon "excusable neglect." Harrison provides no basis for his claim under Rule 45(b)(1)(B). Accordingly, this Court **DENIES** Harrison's motion under Rule 45(b)(1)(B).

### f. *Setser, Johnson,* and *Welch*

Harrison seeks relief under *Setser v. United States*, __ U.S. __, 132 S. Ct. 1463 (2012), *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), and *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016).[14]

Harrison is not entitled to relief under *Setser*, which held that "a district court has the discretion to order that a federal sentence run consecutively to an anticipated state sentence that

---

[10] Specifically, Harrison says, "[t]o the extent any Pretrial Detention under Enlarged conditions . . . was applied to me but was counted against my [Bureau of Prisons] sentence . . . I would ask at this time that the Court take such steps to apply nunc pro tunc Redesignation." Doc. 33 at 2.
[11] Doc. 32 at 17.
[12] *See United States v. Wilson*, 503 U.S. 329, 335 (1992) ("Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.").
[13] Harrison may present his request to the Bureau of Prisons.
[14] Doc. 33 at 2-3.

-4-

Case No. 5:12-CR-220
Gwin, J.

has not yet been imposed."[15] The Court is not aware of Harrison having a current or anticipated state sentence.[16] Therefore, the Court **DENIES** Harrison's motion under *Setser*.

Harrison's *Johnson* and *Welch* arguments are more properly presented as a motion to vacate under 28 U.S.C. § 2255. *Johnson* and *Welch* involve the invalidation of the Armed Career Criminals Act's residual clause. The Court declines to transform Defendant Harrison's motion into a § 2255 petition.[17] Therefore, the Court **DENIES** Harrison's motion under *Johnson* and *Welch* without prejudice.

### g. 28 U.S.C. § 2072(b) and 42 U.S.C. § 1988

Harrison provides no basis for a claim under either 28 U.S.C. § 2072(b) or 42 U.S.C. § 1988. Harrison's motion under both 28 U.S.C. § 2072(b) and 42 U.S.C. § 1988 are **DENIED**.[18]

### IV. Conclusion

For the reasons above, the Court **DENIES** Defendant Harrison's motion without prejudice. Defendant Harrison may file a 28 U.S.C. § 2255 motion for his *Johnson* and *Welch* arguments.

IT IS SO ORDERED.

Dated: October 6, 2016	*s/       James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[15] *Setser*, 132 S. Ct. at 1463.
[16] *See* Presentence Investigation Report.
[17] *Castro v. United States*, 540 U.S. 375, 376 (2003) (finding that a federal district court "cannot recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion" without satisfying a variety of requirements).
[18] 28 U.S.C. § 2072 is the Rules Enabling Act that grants the Supreme Court the power to prescribe rules. 42 U.S.C. § 1988 is for proceedings in vindication of civil rights. Neither statute applies to Harrison.